UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHANIE T. o/b/o M.A.T.,

                Plaintiff,

v.                                                                                              CASE # 19-cv-06229

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Law Offices of Kenneth Hiller, PPLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANNE M. ZEIGLER, ESQ.<br>FRANCIS D. TANKARD, ESQ.<br>KATHRYN L. SMITH, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner be

REVERSED, and this matter be REMANDED for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on July 4, 2006 and was a school-age child on the application date. (Tr. 17, 173). Generally, plaintiff alleges disability consisting of attention deficit hyperactivity disorder (ADHD), asthma, anxiety, panic attacks, anger issues, and learning problems. (Tr. 176).

### B.     Procedural History

On December 9, 2015, plaintiff's grandmother protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act on behalf of plaintiff. (Tr. 14, 163-68). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge (ALJ). On April 30, 2018, plaintiff and her grandmother appeared before the ALJ, Eric Eklund. (Tr. 33-76). On May 16, 2018, ALJ Eklund issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 11-28). On January 31, 2019, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-6). The ALJ's decision became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3), and this action followed.

### C.     The ALJ's Decision

Generally, ALJ Eklund made the following findings of fact and conclusions of law:

> 1. The claimant was born on July 4, 2006. Therefore, she was a school-age child on December 9, 2015, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since December 9, 2015, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairments: an anxiety disorder, an attention deficit hyperactivity disorder, and asthma (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
(a) The claimant has less than marked limitation in acquiring and using information.
(b) The claimant has less than marked limitation in attending and completing tasks.
(c) The claimant has less than marked limitation in interacting and relating with others.
(d) The claimant has no limitation in moving about and manipulating objects.
(e) The claimant has less than marked limitation in the ability to care for herself.
(f) The claimant has less than marked limitation in health and physical well-being.

6. The claimant has not been disabled, as defined in the Social Security Act, since December 9, 2015, the date the application was filed (20 CFR 416.924(a)).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff first argues the Appeals Council committed reversible error by finding the opinion from pediatrician Dr. Glowinski did not show a reasonable probability of changing the outcome of the decision and in failing to apply the treating physician rule to the opinion. Second, the ALJ did not adequately weigh an unsigned teacher questionnaire. (Dkt. No. 10 at 1 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

In a two pronged response, defendant argues the additional evidence submitted to the Appeals Council does not support remand, and the ALJ properly considered all teacher questionnaires and other opinion evidence. (Dkt. No. 14 at 14, 17 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's

determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of

functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[1]

IV.   ANALYSIS

   A. Evidence to AC

Just days after the ALJ's May 16, 2018, decision plaintiff submitted additional evidence which was therefore before the Appeals Council at the time of the request for review by plaintiff.[2] (Tr. 2, 751-854). The submission included treatment records from Pathway Pediatrics from 2010 to 2018, and a mental residual functional capacity (RFC) questionnaire completed by pediatrician Lesley Glowinsky, M.D., on May 7, 2018. (Tr. 750-854). Plaintiff argues the Appeal Council's rejection of the evidence and failure to apply the treating physician rule is reversible error. (Tr. 10 at 18).

---

[1] "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

[2] The Court notes that plaintiff's representative did not notify the ALJ of outstanding records or pending opinion evidence despite having requested both documentary items. Although plaintiff's attorney submitted other evidence post-hearing, the opinion at issue was signed 12 days prior to submission to the ALJ. Regulations and case law provide explicit guidance on submission of late evidence which practice should be the exception and not the rule.

Regulation 20 C.F.R. § 404.970 permits claimants to submit additional evidence to the Appeals Council if certain requirements are met. The evidence must be new and material, must relate to the period on or before the date of the hearing decision, and must create a reasonable probability that it would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5). The claimant must also show good cause for not submitting the evidence sooner. *Id.* § 404.970(b). In this case, the only reason the Appeals Council gave for rejecting treating pediatrician Dr. Glowinsky's opinion was that it did not "show a reasonable probability that it would change the outcome of the decision." Tr. 2.

In this respect, the Appeals Council erred. As a general matter, when the Commissioner does not adequately explain the rationale for a decision, the Court cannot provide meaningful judicial review. *Jones v. Barnhart*, No. CV-04-2772, 2004 WL 3158536, at *7 (E.D.N.Y. Feb. 3, 2004). The need for explanation is heightened with respect to treating-source opinions due to the treating physician rule. *Hissin v. Comm'r of Soc. Sec.*, No. 17-CV-1264-FPG, 2019 WL 4253899, at *3 (W.D.N.Y. Sept. 9, 2019). That rule instructs the ALJ to give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

7

Although the Second Circuit has not directly addressed the Appeals Council's obligation to apply the treating physician rule when it denies review, it is well settled that evidence submitted to the Appeals Council becomes part of the administrative record subject to judicial review. *Patrick M. v. Saul*, No. 18-CV-290, 2019 WL 4071780, at *7 (N.D.N.Y. Aug. 28, 2019). This District has repeatedly found the treating physician rule applies both to the ALJ and the Appeals Council. *See Lalonde v. Comm'r of Soc. Sec.*, No. 6:19-CV-06411 EAW, 2020 WL 5651611 at *3 (W.D.N.Y. Sep. 23, 2020; *Durrant v. Berryhill*, No. 16-CV-6781, 2018 WL 1417311, at *4 (W.D.N.Y. Mar. 22, 2018) (collecting cases); *Brown v. Comm'r of Soc. Sec.*, No. 17-CV-1107, 2019 WL 2441862, at *4 (W.D.N.Y. June 12, 2019) (same). Consequently, like the ALJ, the Appeals Council must provide an "explicit analysis" of the treating physician's opinion and cannot reject it with boilerplate language. *See Patrick M. v. Saul*, No. 18-CV-290, 2019 WL 4071780, at *7 (N.D.N.Y. Aug. 28, 2019) (Appeals Council violated treating physician rule when it stated only that treating-source opinion "does not show a reasonable probability that it would change the outcome of the decision").

Therefore, the Appeals Council's stated rationale for declining to consider Dr. Glowinsky's opinion is deficient and more definitive analysis is required. The Commissioner's argument that the Appeals Council does not have to provide any explanation beyond notification of its action is generally correct but fails to consider there was an opinion from a treating source. *See Kevin B. v. Comm'r of Soc. Sec.* No. 19-CV-844-FPG, 2021 WL 1102997, at *2 (W.D.N.Y. Feb. 9, 2021)(Regulations do not require the Appeals Council to explain its evaluation of additional evidence but evidence of an opinion from a treating physician is an exception). Defendant also argues that the opinion is inconsistent with treatment notes, exam findings, and other opinion evidence. (Dkt. No. 14 at 16). However, such arguments also fail because the Appeals Council did

8

not articulate any of these reasons. *See Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (summary order) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action." (internal quotation marks omitted)).

Dr. Glowinsky found plaintiff had an extreme limitation in attending and completing tasks whereas the ALJ only found a less than marked limitation in that domain. As previously held in a similar case, the Appeals Council is free to reject a treating source opinion but has to at least address the opinion and offer its rationale for doing so. *Schramm v. Colvin*, No. 13-CV-806S, 2014 WL 4627222 at *3(quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Accordingly, the Court agrees with plaintiff that remand is required.

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order

Dated: June 18, 2021  *J. Gregory Wehrman*
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge